UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13CV-00007-JHM

CLEARVIEW ENERGY, LLC.,                                        PETITIONER

VS.

ROBERT W. LEASURE, TRUSTEE
OF THE BANKRUPTCY ESTATE OF
*IN RE MAMMOTH RESOURCE PARTNERS, INC.*,
ET. AL.,                                                       RESPONDENTS

## OPINION AND ORDER

This matter is before the Court on a Petition for Emergency Relief filed by Clearview Energy, LLC. The Bankruptcy Court, over Clearview's objection, has ordered the sale of certain oil and gas leases. The sale is to occur on January 29, 2013. On January 24, 2013, the Bankruptcy Court granted Clearview's motion for a stay but required the posting of a $400,000.00 full cash bond to be posted by 4:30 P.M. (Eastern Time) on Friday, January 25, 2013. Clearview's emergency petition asks this Court to modify the conditions so as to allow the stay without requiring the posting of a bond.

A telephonic hearing was held. Mr. Stanton Cave participated for the Petitioner. Mr. Mark Robinson participated on behalf of the Trustee. Attempts to reach Mr. William Stephen Riesz were unsuccessful. The Court heard arguments of counsel related to the appropriateness of the bond requirement. The Court will review the Bankruptcy Court's decision for an abuse of discretion.

"[T]he party seeking a stay without bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a

supersedeas bond in the full amount of judgment." In re Akron Thermal, Ltd. Partnership, 414 B.R. 193, 200 (N.D. Ohio Feb. 19, 2009 (quoting In re Adelphia Communications Corporation, 361 B.R. 337, 349 (S.D.N.Y. 2007)). Counsel for petitioner did not specifically object to the requirement of a cash bond versus a surety bond; he simply argued there should not be a bond required at all since his client was not a judgment debtor. However, this is not an extraordinary situation. A stay will prevent a sale which may prove to have repercussions for the estate. There is no guarantee that the interested buyers will remain interested after the appeal is resolved. A bond is appropriate and Petitioner has failed to show any exceptional circumstances to warrant otherwise.

The amount of the bond should take into consideration the diminution in the value of property pending appeal, costs on appeal, interest, and damages for delay. See In re Wymer, 5 B.R. 802, 805 (9th Cir. 1980); In re Beck, 6 B.R. 945, 948 (N.D. Ohio Jan. 31, 1983); In re Adelphia, 361 B.R. at 349. Counsel for Trustee stated that there was a bidder willing to pay $307,000 for the leases and equipment at auction. The Trustee also stated that there was another interested bidder which could lead to a higher sale of the property. Considering the risk of losing interested bidders, and the costs associated with the appeal, the Court does not believe that the requirement of a $400,000 bond constitutes an abuse of discretion. Therefore, the Court **denies** Petitioners motion for emergency relief.

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

January 28, 2013